FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ JAN 1 0 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

HILARY BEST,

                              Plaintiff,

            -against-

JENNIFER SCHECTER, KEVIN ROONEY,
MYLES SCHNEIDER, ANKUR SARAIYA,
MICHAEL HOGAN, ANN MARIE
BARBAROTTA, MARIA LOURDES
GONZALES, PHILIP NINAN,
and YEVGENIY KHALDOAROV,

                              Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**12-CV-6142 (NGG) (MDG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Hilary Best brings suit under 42 U.S.C. § 1983 ("Section 1983") against multiple

individual defendants contesting his involuntary commitment to Creedmoor Psychiatric Center

("Creedmoor"). Plaintiff's request to proceed in forma pauperis ("IFP") is GRANTED. For the

reasons set forth below, the claims against Defendants Judge Jennifer Schecter and Kevin

Rooney are DISMISSED with prejudice.

**I.    BACKGROUND**

The following facts are taken from Plaintiff's Amended Complaint and are assumed true.

See Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010).

Plaintiff was committed to Creedmoor after he was determined unfit to stand trial on

criminal charges in New York Criminal Court. (See Am. Compl. (Dkt. 6) at 3-6.)

As relevant here, Plaintiff alleges that after he filed motions to dismiss the criminal

complaints, the Honorable Jennifer Schecter of the New York Criminal Court, and Rooney, an

Assistant District Attorney, brought the mental competency proceedings under New York

Criminal Procedure Law ("NYCPL") § 730[1] "as a means to keep [Plaintiff] detained despite

having to dismiss the criminal complaints." (Id. at 5.) These Defendants, allegedly "knowing

[Plaintiff is] not an incapacitated person pursuant to CPL § 730.10(1)," confirmed psychiatric

reports finding Plaintiff incompetent and ordered his commitment. (Id. at 5-6.) According to

Plaintiff, the mental competency proceedings violated the NYCPL and were based on false

medical opinions. (Id.)

## II.   STANDARD OF REVIEW

A district court must dismiss an IFP action where it is satisfied that the action "(i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2)(B). An action is "frivolous" when either:  (1) "the factual contentions are clearly

baseless, such as when allegations are the product of delusion or fantasy"; or (2) "the claim is

based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141

F.3d 434, 437 (2d Cir.1998) (internal quotation marks omitted).

In reviewing a complaint submitted pro se, the court reads the plaintiff's submissions

liberally and interprets them as raising the strongest arguments they suggest. See McEachin v.

McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d

Cir.1994). This is because "a pro se complaint, however inartfully pleaded, must be held to less

---

[1]      Under the NYCPL, if a criminal defendant "lacks capacity to understand the proceedings against him or to assist in his own defense" "as a result of mental disease or defect," she is deemed unfit to stand trial. NYCPL § 730.10(1) (defining "incapacitated person"). As part of this determination, the defendant is held in a psychiatric hospital for examination by two qualified psychiatrists for a period of up to thirty days, which may be renewed for another thirty days. Id. § 730.20. If the court finds that a defendant is incapacitated, it "must issue a final or temporary order of observation committing him or her to the custody of the [C]ommissioner [of Mental Health] for care and treatment in an appropriate institution for a period not to exceed ninety days from the date of the order." Id. § 730.40(1). Section 730 also provides for dismissal of the accusatory instrument and subsequent orders of retention, if necessary. Id. § 730.50.

stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89,

94 (2007) (internal quotation marks omitted).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is

plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading

that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action

will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

## III.   DISCUSSION

Judges are immune from suits for damages arising out of judicial acts performed in their

judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991); Forrester v. White, 484 U.S. 219,

225 (1988). The absolute judicial immunity of the court and its members "is not overcome by

allegations of bad faith or malice," nor can a judicial officer be deprived of immunity "because

the action he took was in error or was in excess of his authority." Mireles, 502 U.S. at 11, 13

(quotations and citations omitted). This immunity may be overcome only if the court is alleged

to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of

all jurisdiction." Id. at 11-12.

Prosecutors are also entitled to absolute immunity for their prosecutorial acts. "It is well

established that a state prosecuting attorney who acted within the scope of his duties in initiating

and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983."

Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (internal quotation marks

omitted). "Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all

3

acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) (internal quotation marks and citations omitted). Absolute immunity for prosecutorial acts can be defeated only if the prosecutor is alleged to have acted in the complete absence of jurisdiction. Shmueli, 424 F.3d at 237.

Here, even construing Plaintiff's allegations liberally, the claims against Schecter and Rooney must be dismissed because they seek monetary relief against a defendant who is immune from suit. See 28 U.S.C. § 1915(e)(2)(B)(iii). These Defendants' challenged conduct—referring Plaintiff for a psychiatric examination of his capacity to stand trial and, in the case of Judge Schecter, issuing a final order finding Plaintiff incapacitated —are well within the discretionary judicial and prosecutorial functions of their offices. See Hill, 45 F.3d at 661 ("[A] district attorney is absolutely immune from civil liability for initiating a prosecution and presenting the case at trial."); Baker v. N.Y. State Execs. and Officers, No. 12-CV-1090 (BMC) (LB), 2012 WL 2358162, at *2 (E.D.N.Y. June 20, 2012) (dismissing claim alleging improper mental incapacity proceedings brought under NYCPL § 730 on the basis of absolute judicial immunity). Plaintiff's conclusory allegations to the contrary (see Am. Compl. at 5 (describing these Defendants' actions as "*extraneous* to their judicial and quasi judicial functions"), 9 (alleging that these Defendants acted "without jurisdiction and lawful authority")), do not suffice. To the contrary, Plaintiff recognizes that their conduct was taken pursuant to NYCPL § 730. (See Am. Compl. at 5 (alleging that Schecter and Rooney "commenced . . . CPL Article 730 proceedings").) Whether these Defendants properly followed the law is of no moment; because these Defendants clearly acted within their jurisdiction, absolute immunity bars all § 1983 claims against them, and because Plaintiff is proceeding IFP, these claims must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(iii); cf. Mills v. Fischer, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim

4

dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of 28 U.S.C. § 1915(g).").

Moreover, because of absolute immunity, any attempt to amend would be futile. As such, these claims are dismissed with prejudice. See Mosley v. McIntosh, No. 08-CV-9635 (PKC), 2009 WL 1542546, at *4 (S.D.N.Y. May 29, 2009) (report and recommendation), adopted by id. at *1 (dismissing IFP claims with prejudice on the basis of absolute immunity because any amendment would be futile).

## III.   CONCLUSION

Plaintiff's motion to proceed IFP is GRANTED.  For the reasons set forth above, Plaintiff's claims against Defendants Schecter and Rooney are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii).

The United States Marshals Service is directed to serve the Amended Complaint and a copy of this Memorandum and Order on Defendants Myles Schneider, Ankur Saraiya, Michael Hogan, Ann Marie Barbarotta, Maria Lourdes Gonzales, Philip Ninan, and Yevgeniy Khaldoarov without the need for Plaintiff to prepay any fees—no summonses shall issue as to Judge Schecter or Rooney.

The case is referred to Magistrate Judge Marilyn D. Go for pretrial supervision.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore IFP status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Garaufis

Dated: Brooklyn, New York
        January 10 , 2013

NICHOLAS G. GARAUFIS
United States District Judge