Creedmoor Psychiatric Center
79-25 Winchester Boulevard
Queens Village, NY 11427
February 15, 2013

VIA FAX: (718) 613-2546

Hon. Nicholas G. Garaufis
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE: Best v. Schecter et al.
    <u>12-CV-06142 & 12-CV-6218 NGG-MDG</u>

Dear District Judge Garaufis:

Please be advised that I am in receipt of notice of an order granted by Magistrate Go allowing respondents an extension of time to March 15 2013 to answer or otherwise respond to the pleadings filed under the above-referenced docket (12-CV-06142), which consists of my Complaint dated December 8, 2012, as amended by my Amended Complaint dated December 31, 2012, as amend by my Second Amended Complaint dated January 27, 2013, as amended by my Third Amended Complaint dated January 30, 2013, referred to in my Amended Motion to Amend Civil Complaint dated January 30, 2013 as being my Second Amended Complaint intended to replace the Second Amended Complaint dated January 27, 2013, but which has been designated my Third Amended Complaint at the suggestion of the Pro Se Clerk to avoid any confusion distinguishing the two latter amendments.  Thus, it is upon the Third Amended Complaint dated January 30, 2013 that I wish to proceed adopting my First Amendment claim under the above-referenced docket.

Please also be advised that I am not only being deprived of liberty without due process and equal protection, but that in addition thereto I am being subjected to unlawful imprisonment in violation of Penal Law § 135.10, and in essence being subjected to <u>incarceration without representation and to prevention detention,</u> the determination of me being mentally ill being predicated upon nothing more than the exercise of my First Amendment right to freedom of expression and speech.

My involuntary admission into the defendants' custody was pursuant to MHL § 9.27, which requires for involuntary admission a finding that the patient suffers from a mental illness that renders them unable to provide for their welfare, and the inability to realize that they are unable to provide for their welfare.  Such is obviously not my state of mind, so there is no legitimate reason for allowing my continued detention by the defendants, who have violated

practically every law on the books in subjecting me to an involuntary hospitalization admission without legal representation and in violation of due process of law and equal protection of the laws.

Upon reviewing the decision in Younger v. Harris, 401 U.S. 37 [1969]), it dawned on me that Younger only applies to pending state criminal actions, not pending state civil proceedings, and that the Supreme Court clearly stated that the balance of equities might be different where the matter involves pending civil proceedings as opposed to pending civil proceedings, which is what I tried to point out to this Court in my motion for reconsideration.

In my attempt to exhaust state remedies, I have been subjected to litigation tactics by the New York Attorney General which have lead to me being deprived of a jury trial determination of my civil commitment, contrary to the State Supreme Court ruling in Matter of Sawyer v. Doe, 2007 NY Slip Op 27079, and the United States Supreme Court ruling in Baxstrom v. Herold, 383 U.S. 107 (1966), as regards to the right to a jury trial.

In the instant case, I am being subjected to bad faith litigation, as it has also dawned on me that MHL § 9.27 pertains only to feeble-mindedness, not dangerousness as governed by MHL §§ 9.39 through 9.45, and CPL 330.20, and that as I am in no wise feeble-minded, there is no lawful basis for the defendants to detain me, have the legal right as I do to refuse medication and participation in treatment (14 NYCRR 27.8), which can be overridden only if I exhibit threatening or dangerous conduct, which is not the case in the instant proceeding.

Furthermore, because of my prolonged illegal detention, I am about to lose personal possessions that cannot be replaced, such as property belonging to my deceased mother, in addition to suffering severe financial hardship do to default on loans.

Wherefore, I must respectfully request that this Court immediately reconsider its denial of my applications for a temporary restraining order and, even as pertains to the pending petition for a Writ of Habeas Corpus in relation to the same matter, grant relief resulting in my release from the defendants' custody and care forthwith, in addition to such other and further relief as to this Court may seem just and proper.

Very truly yours,

MR. HILARY BEST, Plaintiff

cc: By Fax:212-416-6075
    Jose L. Velez, AAG
    Attorney for Defendants

*Application denied.*
*So ordered.*
s/Nicholas G. Garaufis
2/20/13

Page 2 of 2