UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HILARY BEST,

      Plaintiff,

  -against-

MYLES SCHNEIDER, ANKUR SARAIYA,
MICHAEL HOGAN, ANN MARIE BARBAROTTA,
MARIA LOURDES GONZALES, PHILIP NINAN, and
YEVGENIY KHALDAROV,

      Defendants.
-------------------------------------------------------------------X

**ORDER**

**12-CV-6142 (NGG) (MDG)**

NICHOLAS G. GARAUFIS, United States District Judge.

On September 21, 2015, the court issued a Memorandum and Order granting in part and denying in part Defendants' motion to dismiss. (Sept. 18, 2015, Mem. & Order ("Mem. & Order") (Dkt. 102).)[1] On October 14, 2015, Plaintiff Hilary Best moved for reconsideration of several of the court's conclusions. (See Mot. for Recons. ("Pl.'s Mot.") (Dkt. 105).) In response, Defendants argue that Plaintiff's motion is not timely and fails to comply with the Local Civil Rules and the court's Individual Rules of Practice. (Defs.' Resp. to Pl.'s Mot. (Dkt. 106).) Defendants request an opportunity to respond to Plaintiff's arguments should the court deem the motion timely. (Id. at 2.)

Local Civil Rule 6.3 requires a movant seeking reconsideration or reargument of a court order to serve the motion within fourteen (14) days of the court order. Local Civ. R. 6.3. The court's Individual Rule III.E further provides that the movant must include with the motion a mutually agreed-upon date by which the non-movant's response shall be filed, and that no brief shall exceed five (5) pages. Individual Rule of Judge Nicholas G. Garaufis III.E.

---

[1] The Memorandum and Order was entered on September 21, 2015, but signed by the court on September 18, 2015. For purposes of calculating Plaintiff's time to move for reconsideration, the entry date of September 21, 2015, is the relevant date.

1

Plaintiff's affidavit in support of his motion for reconsideration totals fourteen (14) pages of substantive argument, almost three times the number of pages authorized by the court's Individual Rules. In addition, the materials are dated October 13, 2015 (and were filed on October 14, 2015), more than seventeen days after the court's issuance of the Memorandum and Order on September 21, 2015.[2]

The court has reviewed Plaintiff's motion for reconsideration and concludes that it lacks merit. Accordingly, the motion is DENIED, notwithstanding Plaintiff's failure to file it in a timely manner or comply with the court's page limitation.

The standard for a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such motions may be granted: (1) if the court overlooked critical facts; (2) if it overlooked controlling decisions that could have changed its decision, see id.; (3) in light of an intervening change in controlling law; (4) in light of new evidence; (5) to correct clear error; or (6) to prevent manifest injustice, see Virgin Atl. Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d. Cir. 1992); see also Rollins v. N.Y. State Div. of Parole, No. 03-CV-5952 (NGG) (RLM), 2007 WL 539158, at *2 (E.D.N.Y. Feb. 16, 2007) ("A motion for reconsideration may be granted only if a court overlooked (1) factual matters that were put before it on the underlying motion or (2) controlling legal authority."). "A motion for reconsideration is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion ... [n]or ... a chance for a party to take a second bite at

---

[2] Federal Rule of Civil Procedure 6(d) provides that Plaintiff had an additional three days to serve his motion for reconsideration because he received service of the court's Memorandum and Order by mail.

the apple." WestLB AG v. BAC Fla. Bank, No. 11-CV-5398 (LTS) (AJP), 2012 WL 4747146, at *1 (S.D.N.Y. Oct. 4, 2012) (internal quotation marks and citations omitted). However, "[i]t is within the sound discretion of the district court whether or not to grant a motion for reconsideration." Markel Am. Ins. Co. v. Linhart, No. 11-CV-5094 (SJF) (GRB), 2012 WL 5879107, at *2 (E.D.N.Y. Nov. 16, 2012).

Plaintiff first repeats much of the argument set forth in his objection to Magistrate Judge Go's report and recommendation that the court should not have resolved the motion to dismiss before adjudicating Plaintiff's pending motion for leave to amend the operative complaint. (See Pl.'s Mot. at 2-3, 12-13, 14-15.) The court rejected this argument in its Memorandum and Order, and notes that Plaintiff's motion for leave to amend remains pending before Judge Go. (See Mem. & Order at 50.) The court declines to revisit this ruling.

Next, Plaintiff continues to press his arguments related to Defendants Justice Schecter and ADA Rooney. (See Pl.'s Mot. at 3-5, 12-13, 14-15.) Plaintiff's claims against these Defendants were dismissed by the court in a prior decision, and not the Memorandum and Order for which Plaintiff seeks reconsideration. (See Mem. & Order at 47 n.25.) To the extent Plaintiff seeks leave to re-allege claims against these Defendants in his pending motion for leave to amend, such arguments will be addressed by the court at the appropriate time.

Finally, Plaintiff seeks reconsideration of the court's decision to dismiss his procedural due process claim related to the lack of a predeprivation hearing. (See Pl.'s Mot. at 5-11; Mem. & Order at 21-36.) In the Memorandum and Order, the court held that Plaintiff failed to state such a claim, since a predeprivation hearing in Plaintiff's alleged circumstances would have been highly impractical and unduly burdensome, and therefore was not required under the Due

3

Process Clause.[3] (Mem. & Order at 36.) To the extent Plaintiff argues in the motion for reconsideration that the court overlooked critical facts in its analysis of the claim, the court is not persuaded. The court analyzed Plaintiff's allegations under the appropriate controlling law, and based on a balancing of factors set forth by the Supreme Court and the Second Circuit, held that a predeprivation hearing was not required under the alleged circumstances. Significantly, Plaintiff fails meaningfully to address Defendants' arguments that they, as State employees charged with failing to provide a predeprivation hearing, could have neither (a) evaluated Plaintiff before the involuntary commitment, as he remained in the custody of the City of New York and not New York State, nor (b) predicted the point at which Plaintiff's remaining criminal charges would be resolved and thereby trigger his transfer to State custody.

Accordingly, Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
November 6, 2015

/s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[3] In the Memorandum and Order, the court ruled in favor of Plaintiff on his other two due process claims. Specifically, Plaintiff stated a substantive due process claim with respect to the allegation that he was committed to Creedmoor without a finding that he was a danger to himself or others (see id. at 36-43), and stated a procedural due process claim with respect to his allegation that Defendants Gonzales and Ninan submitted fraudulent certifications without examining him or otherwise complying with Article 9 of the New York Mental Hygiene Law (see id. at 17-21).