D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HILARY BEST,

      Plaintiff,

  -against-

ANN MARIE BARBAROTTA, YEVGENIY
KHALDAROV, DR. MA LOURDES GONZALEZ, and
DR. PHILIP NINAN,

      Defendants.*
------------------------------------------------------------X

**MEMORANDUM & ORDER**

12-CV-6142 (NGG) (SMG)

NICHOLAS G. GARAUFIS, United States District Judge.

This action stems from pro se Plaintiff Hilary Best's allegation that, on December 4, 2012, he was involuntarily committed to the Creedmoor Psychiatric Center ("Creedmoor") in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. (See Am. Compl. (Dkt. 6) at 6-8.) The case was terminated on November 9, 2017 when the court so-ordered a stipulation of settlement and order of dismissal with prejudice (the "Stipulation"), to which the remaining defendants and Plaintiff had agreed. (See Stipulation of Settlement ("Stip.") (Dkt. 159).) However, on January 21, 2019, Plaintiff filed a motion to vacate the Stipulation pursuant to Federal Rule of Civil Procedure 60(b). (Mot. to Vacate the Stip. ("Mot.") (Dkt. 198).) The undersigned referred Plaintiff's motion to Magistrate Judge Steven M. Gold, who issued a report and recommendation ("R&R") that the court deny Plaintiff's motion. (R&R (Dkt. 206).) Plaintiff objected to the R&R (see Pl. Am. Obj. to R&R

---

* Defendants Jennifer Schecter and Kevin Rooney were dismissed from this action on January 10, 2013. (See Jan. 10, 2013 Mem. & Order (Dkt. 9).) Defendants Myles Schneider, Ankur Saraiya, and Michael Hogan were dismissed from this action on September 21, 2015. (See Sept. 21, 2015 Mem. & Order (Dkt. 102).) Kristin M. Woodlock was only named as a defendant in Plaintiff's proposed second amended complaint, which the court denied him leave to file. (See Apr. 20, 2016 Order (Dkt. 113); Proposed Second Am. Compl. (Dkt. 17).) The only defendants who remained in this action at the time the Stipulation was signed are Ann Marie Barbarotta, Yevgeniy Khaldarov, Dr. Ma Lourdes Gonzalez, and Dr. Philip Ninan.

1

("Pl. Obj.") (Dkt. 213)), Defendants responded to Plaintiff's objection (see Defs. Resp. to Pl. Obj. ("Defs. Resp.") (Dkt. 215)), and Plaintiff replied (see Pl. Am. Reply ("Pl. Reply") (Dkt. 227); Pl. July 21, 2019 Letter (Dkt. 226); Pl. July 24, 2019 Letter (Dkt. 228)).

For the following reasons, the court ADOPTS IN FULL the R&R and DENIES Plaintiff's motion to vacate.

## I. BACKGROUND

Plaintiff's alleges that, on December 4, 2012, he was involuntarily committed to Creedmoor in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment. (See Am. Compl. at 6-8.) After five years of litigation in this court, the parties entered into settlement negotiations in August 2017. (Decl. of Steven G. Morris ("Morris Decl.") (Dkt. 168) ¶ 4.) On August 31, 2017, the parties orally agreed in principle to a settlement of $77,500. (Id. ¶ 7.) After Defendants sent Plaintiff an unsigned agreement "memorializing the terms of the settlement," Plaintiff responded with numerous alterations, including a demand for an additional $100,000. (Id. ¶¶ 8-10.) Over the next two months, the parties continued to negotiate, with Plaintiff proposing numerous revisions to settlement offers made by Defendants. (See id. ¶¶ 11-12.) Among other changes, Plaintiff repeatedly attempted to remove language relating to I.R.S. Form 1099 (the "1099 Language") from the settlement, an alteration that Defendants found unacceptable. (See id. ¶ 12.)

With negotiations stalled, Defendants requested a settlement conference. (Id. ¶ 13; see Defs. Oct. 6, 2017 Letter (Dkt. 150).) On November 8, 2017, the parties held a settlement conference lasting over three hours, at the conclusion of which they executed a settlement agreement—the Stipulation. (See Nov. 8, 2017 Min. Entry (Dkt. 156).) The Stipulation included the 1099 Language, which provides:

2

> Payment of the [settlement amount] shall be made as follows: To Plaintiff, by check made payable to "Hilary Best," the gross sum of One Hundred and Five Thousand Dollars and No Cents ($105,000.00), for which an I.R.S. Form 1099 shall be issued to Plaintiff, in full and complete satisfaction of any and all claims, allegations or causes of actions for compensatory damages . . . , lost wages, benefits, and economic damages . . . , and attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff in this Action, as well as in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in this Action or elsewhere arising out of any conduct, acts, or omissions prior to, and as of the date of this Settlement Stipulation, including but not limited to those asserted in the Action.

(Stip. ¶ 2.) Plaintiff, counsel for Defendants, and Judge Gold all signed the Stipulation. (See id. at p. 12.) The undersigned so-ordered the Stipulation the following day. (See So-Ordered Stip. (Dkt. 159).) On December 14, 2017, Plaintiff moved the court to strike the 1099 Language. (See Mot. to Strike.) The undersigned referred the motion to Judge Gold. (See Dec. 20, 2017 Order Referring Mot. to Strike (Dkt. 166).) On February 22, 2018, Judge Gold issued an R&R construing the motion as a motion to vacate under Rule 60(b) and recommending that the court deny Plaintiff's motion in its entirety. (See R&R (Dkt. 179).) Then, on August 20, 2018, the undersigned adopted the R&R in full and denied Plaintiff's motion. (See Mem. & Order ("M&O") (Dkt. 195).)

On January 21, 2019, Plaintiff filed another motion asking the court to vacate the Stipulation pursuant to Rule 60(b). (Mot.) The undersigned referred Plaintiff's motion to Judge Gold, who issued an R&R that the court deny Plaintiff's motion. (R&R.) Plaintiff objected to the R&R (see Pl. Obj.), Defendants responded (see Defs. Resp.), and Plaintiff replied (see Pl. Reply; Pl. July 21, 2019 Letter; Pl. July 24, 2019 Letter). Plaintiff has also requested a hearing "on the concern that Defendants' counsel presented a fraudulent claim at the Settlement Conference relating to the alleged lien." (Pl. Mar. 3, 2019 Letter (Dkt. 205).)

3

## II. LEGAL STANDARD

### A. Standard of Review

In reviewing an R&R from a magistrate judge, the district court may adopt "those portions of [the R&R] to which no 'specific written objections' are made . . . as long as the factual and legal bases supporting the findings are not clearly erroneous." McCrary v. Marks, No. 17-CV-4368 (JFB), 2018 WL 4204244, at *1 (E.D.N.Y. Sept. 4, 2018) (citing, inter alia, Fed. R. Civ. P. 72(b)); see Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the [R&R] has been filed, the district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks and citation omitted)). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (alteration adopted) (quoting United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006)).

The district court must review de novo "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b)(3). To obtain this de novo review, an objecting party "must point out the specific portions of the [R&R]" to which objection is made. Sleepy's LLC v. Select Comfort Wholesale Corp., 222 F. Supp. 3d 169, 174 (E.D.N.Y. 2016); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R&R] only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (citations omitted); see also Mario v. P & C Food Mkts.,

Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that the plaintiff's objection to an R&R was not specific enough to constitute an adequate objection under Rule 72(b)).

"When an individual is proceeding pro se, his objections generally should be accorded leniency and should be construed to raise the strongest arguments that they suggest." Bonano v. Staniszewski, No. 12-CV-5879 (DLI), 2017 WL 4220402, at *2 (E.D.N.Y. Sept. 22, 2017) (alteration adopted) (citation and quotation marks omitted). "Nevertheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. (citation and quotation marks omitted).

### B. Rule 60(b)

Rule 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Rule 60(b) is an "extraordinary" judicial mechanism that can only be invoked upon a showing of "exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). The fact that Plaintiff is pro se is not, by itself, an "exceptional circumstance" meriting relief under Rule 60(b). Williams v. N.Y.C. Dep't of Corrs., 219 F.R.D. 78, 85 (S.D.N.Y. 2003). The burden of proof is on the party seeking relief from judgment, United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001), and "[t]he decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court," Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (quotation marks and citation omitted).

## III. APPLICATION

### A. Plaintiff's Claims Under Rule 60(b)(1) and (3)

As an initial matter, Plaintiff did not object to Judge Gold's determination that all but one of his claims are time barred. (See R&R at 3; Pl. Obj.) Nor did his objections raise any new

5

arguments regarding the claims that Judge Gold found to be time barred; instead, he "reiterated his original arguments," Pall Corp., 249 F.R.D. at 51, regarding the allegedly fraudulent nature of Defendants' expert report (Obj. at 3-7). Thus, the court need only review this portion of the R&R for clear error. See Pall Corp., 249 F.R.D. at 51; see also Bonano, 2017 WL 4220402, at *2 ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." (citation omitted)). However, having reviewed the underlying record, the court notes that it would reach the same conclusion under de novo review.

Plaintiff did not specify which provisions of Rule 60(b) he believes apply to his claims. However, as Judge Gold stated, "[m]ost of [P]laintiff's arguments arise under Rule 60(b)(1), which provides for relief from a judgment or order on grounds of mistake, inadvertence, surprise, or excusable neglect, or Rule 60(b)(3), which provides for like relief on grounds of fraud, misrepresentation, or misconduct." (R&R at 4.) In his motion, Plaintiff claims that Defendants "(1) misrepresented that they were required by law to report the settlement amount on an I.R.S. Form 1099, (2) misrepresented that they held a lien for medical services provided to [P]laintiff, (3) fraudulently filed a false expert report, and (4) engaged in misconduct by not providing [P]laintiff with a copy of the stipulation prior to filing it with the court, thereby denying [P]laintiff an adequate opportunity to review the agreement before signing it." (R&R at 4 (citing Mot. ¶¶ (3)(a), (b), (d), (e)).) These claims all turn on assertions of "fraud, misrepresentation, or misconduct by an opposing party" under Rule 60(b)(3). Plaintiff's argument that the Stipulation does not reflect the terms he believed he was agreeing to (Mot. ¶ 3(c)) is either another assertion of fraud by Defendants under Rule 60(b)(3) or a claim arising out of his own "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1). Either way, it, along with

Plaintiff's other claims arising under Rule 60(b)(3), is subject to the strict one-year time limit imposed by Rule 60(c)(1). (See R&R at 3 (quoting Fed. R. Civ. P. 60(c)(1)).) And, as Judge Gold stated, this time limit ran out on November 9, 2018,[2] more than two months before Plaintiff filed the instant motion on January 21, 2019. (See R&R at 3-4.)

Even if Plaintiff's claims under Rule 60(b)(1) and (3) had been timely raised, they fail on the merits. His objections raise only one claim under Rule 60(b)(3) that the court has not previously addressed: that Defendants filed a "fraudulent [r]eport," prepared by their expert witness, which Plaintiff alleges "contained false information misrepresenting that the Defendants acted lawfully." (Mot. ¶ 3(d).) Construed favorably to Plaintiff, this claim asserts fraud by Defendants, and is therefore properly brought under Rule 60(b)(3). And under Rule 60(b)(3) "[t]he moving party must demonstrate by clear and convincing evidence that the adverse party engaged in fraud, misrepresentation, or other misconduct." Catskill Dev., L.L.C. v. Park Place Entm't Corp., 286 F. Supp. 2d 309, 312 (S.D.N.Y. 2003) (citing, inter alia, Fleming v. N.Y. Univ., 865 F.2d 478, 484 (2d Cir. 1989)). "In addition, the moving party must show that this conduct prevented the movant from fully and fairly presenting his case." Id. (alteration adopted) (quotation marks and citation omitted).

Plaintiff has not met his burden here. As Judge Gold noted, this claim is supported by "nothing other than Plaintiff's self-serving statement." (R&R at 6.) This statement, by itself, does not constitute highly convincing evidence and is therefore insufficient to meet the "strict evidentiary requirements of Rule 60(b)," which "apply as well to pro se litigants." See Manney v. Intergroove Media GMBH, No. 10-CV-4493 (SJF), 2014 WL 1224171, at *3 (E.D.N.Y Mar.

---

[2] The Stipulation was signed by the parties on November 8, 2017, and the undersigned endorsed it and dismissed the case with prejudice on the following day. (Stip.)

7

24, 2014) (quoting Jedrejcic v. Croatian Olympic Comm., 190 F.R.D. 60, 77 (E.D.N.Y. 1999) (alterations adopted)).

The remainder of Plaintiff's claims under Rule 60(b)(1) and (3) substantially reiterate the claims Plaintiff made in his first motion to vacate under Rule 60(b), which the court denied on August 20, 2018. (See M&O at 9-14.) They fail on the merits for the same reasons described in that decision. (Id.)

B. **Plaintiff's Claims Under Rule 60(b)(6)**

Plaintiff's final argument in favor of reconsideration is his claim that Judge Gold improperly influenced his decision to settle by mischaracterizing how expert witness fees are determined. (Mot. at 4-5.) As Judge Gold observed, this claim "arguably falls under Rule 60(b)(6), which applies to motions for relief from a final judgment, order, or proceeding for 'any other reason that justifies relief.'"[3] (R&R at 4-5.) Rule 60(b)(6) "is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." Ritchie Capital Mgmt., L.L.C. v. Coventry First LLC, No. 07-CV-3494 (DLC), 2016 WL 6952248, at *4 (S.D.N.Y. Nov. 28, 2016) (quoting Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986) (quotation marks omitted)). The moving party must further show that it was "faultless in the delay." Id. (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993)).

In his motion, Plaintiff claims that Judge Gold informed him that an expert witness can set her own fee when being deposed, and that proceeding with the case would therefore have been costly. (Mot. ¶ 3(f).) Plaintiff asserts, however, that 28 U.S.C. § 1821(b) caps an expert's

---

[3] Such a motion must "be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Because the argument fails on the merits for the reasons discussed below, the court will not address whether it was timely raised.

8

witness fee at forty dollars per day plus approved expenses, and that it therefore would not have been as costly as suggested to pursue the case. (Id.) As Judge Gold noted in his R&R, this argument is premised on a misunderstanding of the statute. (See R&R at 7-8.) Section 1821(b) applies to fact witnesses, not expert witnesses. See DeRienzo v. Metro. Transit Auth. & Metro-N. R.R., No. 01-CV-8138 (CBM), 2004 WL 67479, at *1 (S.D.N.Y. Jan 15, 2004) ("Compensation of fact witnesses is governed by 28 U.S.C. § 1821 . . . [and] [c]ompensation of expert witnesses is governed by the Federal Rules of Civil Procedure.")

In his objection, Plaintiff responds: "[e]ven if Plaintiff misstates the law regarding what an expert witness can charge for being deposed, such fees are not absolute, in that pursuant to Rule 26(b)(4)(E) the Court may direct that an expert witness be deposed without payment if manifest injustice would result without deposing the expert witness." (Pl. Obj. ¶ 1(b).) But Plaintiff has provided no evidence that Judge Gold misinformed him about the law. In the settlement conference Plaintiff references in making this claim, Judge Gold told Plaintiff:

> I'm not going to subject [the expert] to an hour or multiple hour long deposition for free when it is the plaintiff's responsibility to pay for that. So I don't want you confused and genuinely puzzled by what's in the report, but you're not going to have an opportunity without paying for the witness to dispute the report or argue with him about the report, or cross examine him about the report. You will have that opportunity at trial.

(Tr. of Nov. 8, 2017 Settlement Conf. (Dkt. 160) at 24:21-25:4.) Plaintiff was aware of the governing rule before attending the conference (see id. at 27:11-13), and did not provide any reason to Judge Gold why not allowing him to depose the expert without cost would constitute "manifest injustice." Moreover, Judge Gold made clear to Plaintiff that he would have the opportunity to question the expert further at trial if Defendants chose to call him as a witness, and noted that Defendants would be expected to pay his fees in that event. (Id. at 25:3-14.)

9

Judge Gold also advised Plaintiff several times that he did not have to agree to a settlement at the conference. (Id. at 27:25-28:19; 40:1-2; 40:17-21.)

Having reviewed the transcript of the settlement conference, the court finds that Plaintiff has not demonstrated the kind of "extraordinary circumstances" or "extreme and undue hardship" needed to succeed on a Rule 60(b)(6) motion. See Nemaizer, 793 F.2d at 63. Plaintiff had an opportunity to raise his concerns with the court, and was clearly informed that he did not have to sign a settlement agreement if he did not wish to do so. The fact that he now regrets his decision does not provide grounds for relief under Rule 60(b)(6).

C.     Plaintiff's Other Arguments

In his objection to the R&R, Plaintiff raises additional arguments that he did not raise in his motion to vacate and that seem entirely unrelated. He argues, inter alia, that he was unlawfully detained without bail during his criminal proceeding, was improperly determined to be an incapacitated criminal defendant pursuant to Article 730 of the New York Criminal Procedure Law, was transferred from Rikers Island to Creedmoor in violation of a court order, and was subjected to involuntary commitment pursuant to a procedurally defective application. (Pl. Obj. ¶¶ 1(c)(i)-(iv).) He also contends that the court ignored his contentions regarding the pendency of a state court action in denying his request for a temporary restraining order. (Id. ¶ 1(a).)

These arguments largely relate to underlying substantive issues in the case, and are not directly relevant to the order approving the Stipulation. Moreover, Plaintiff did not raise any of these arguments in his initial motion to vacate, and so Judge Gold did not address them—and could not have addressed them—in his R&R. (See Mot.; R&R.) Plaintiff has not provided any additional information about the bases for these claims, nor has he produced any evidence

supporting his allegations. The court therefore finds that, in adding these conclusory assertions, Plaintiff has not met his burden to show "exceptional circumstances" warranting the application of Rule 60(b)'s "extraordinary" judicial mechanism. See Nemaizer, 793 F.2d at 61.

## IV. CONCLUSION

For the foregoing reasons, the court ADOPTS IN FULL the R&R (Dkt. 206) and DENIES Plaintiff's motion to vacate (Dkt. 198). The court also DENIES Plaintiff's request for a hearing (Dkt. 205) as unnecessary.

The Clerk of Court is respectfully DIRECTED to send a copy of this Order by certified mail, return receipt requested, to pro se Plaintiff at his address of record.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
August 15, 2019

NICHOLAS G. GARAUFIS
United States District Judge